1

2                  IN THE UNITED STATES DISTRICT COURT

3              FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6   WILLIE WEAVER,

7              Plaintiff,              CV F 04 6079 LJO WMW P

8        vs.                          FINDING AND RECOMMENDATION

9

10  THIRD WATCH LIEUTENANT, et al.,

11              Defendants.

12

13

14       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks

15  relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this

16  court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

17       This action proceeds on the June 8, 2005, amended complaint.

18  The amended complaint was filed in response to an order dismissing the

19  original complaint with leave to amend.   Plaintiff, an inmate in the

20  custody of the California Department of Corrections at Pelican Bay State

21  Prison, an, brings this civil rights action against an unnamed Lieutenant

22  and Sergeant employed by the Department of Corrections at the California

23  Correctional Institution at Tehachapi.

24       Plaintiff's sole claim in this complaint is that defendants

25  subjected him to injury from the use of tear gas, and were indifferent to

26

                                    1

his reaction.  Specifically, defendant used tear gas on inmates in a nearby cell to remove them.  Plaintiff advised defendants that he would suffer an allergic reaction to the tear gas, and requested that he be moved down the tier.  Defendants ignored his request, and subjected him to the effects of tear gas.

In the order dismissing the original complaint, Plaintiff was advised that, though he adequately alleged facts that would, at the minimum, state a claim for relief, he had not identified the individuals responsible.  The court can not order service upon unnamed defendants.  Because plaintiff did not identify the individual defendants, the compliant was dismissed.

In the amended complaint before the Court, Plaintiff restates the allegations of the original complaint.  Rather than specify what individuals were involved, Plaintiff is even more vague.  Plaintiff refers to Lieutenants, Sergeants, and overseers.   Plaintiff may not allege conduct as to correctional staff in general.  In order to state a claim for relief, Plaintiff must specifically identify the individual defendants.  Plaintiff has failed to do so.  T Court therefore recommends dismissal of this action for failure to state a claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the

1  **United States District Judge assigned to the case, pursuant to the**

2  **provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being**

3  **served with these findings and recommendations, plaintiff may file**

4  **written objections with the court.  Such a document should be captioned**

5  **"Objections to Magistrate Judge's Findings and Recommendations."**

6  **Plaintiff is advised that failure to file objections within the specified time**

7  **waives all objections to the judge's findings of fact.  <u>See</u> <u>Turner v. Duncan</u>,**

8  **158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the**

9  **specified time may waive the right to appeal the District Court's order.**

10  **<u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).**

11  IT IS SO ORDERED.

12  **Dated:   August 13, 2007**                    **/s/  William M. Wunderlich**
                                             UNITED STATES MAGISTRATE JUDGE